Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LAURA SMALL, an Individual,<br>KATHRYN YONGE, an Individual,<br>NATAUSHA HANSON, an Individual,<br>KELLY HAY, an Individual,<br>KATHERINE BERGMAN-CHAPMAN, an Individual,<br>PEGGY SCHULTZ, an Individual,<br><br>                    Plaintiffs,<br><br>      v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an independent public corporation,<br><br>                    Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

**INTRODUCTION**

1.

This case centers around the Plaintiffs, former employees of Defendant OHSU, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

2.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland area. Defendant is a public corporation incorporated in, and with a principal place of business, in Oregon. The OHSU Board of Directors, whose members are appointed by the governor and approved by the State Senate, governs the university. As a public corporation, it receives federal and state funding. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

3.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

4.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic. Each were exceptional employees, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary. Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine.

5.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from

being able to take the available COVID-19 vaccines. Their stories are below.

6.

## LAURA SMALL

Plaintiff Laura Small was employed as a pediatric telephone triage nurse for over five years by OHSU. Prior to March 2020, she worked mostly alone in an office at OHSU, and after March 2020, she worked entirely remotely from her home office with no in-person interaction with patients or co-workers. Plaintiff Small always received excellent reviews and was selected to work on a grant to reduce non-emergency emergency department visits to Doernbecher Children's Hospital.

7.

Plaintiff Small applied for a religious exception to the COVID-19 vaccine due to her strongly held Christian beliefs, but her application was denied by Defendant without adequate explanation. Plaintiff Small begged her manager to apply for a "remote only" exception for her but was denied. Plaintiff Small offered to wear a fit-tested respirator, goggles and socially distance for any mandatory in-person staff meeting (there had been no meeting for almost two years), but this was also denied. On or about October 19, 2021, she was placed on unpaid administrative leave and then terminated.

8.

Prior to being placed on unpaid leave, Plaintiff Small was subjected to a hostile work environment. Although she worked from home, co-workers would make negative and hostile comments towards unvaccinated people in the digital chat at staff meetings. This made Plaintiff Small feel as though she could no longer trust her colleagues, people she had worked alongside for years and considered to be her friends.

9.

Plaintiff Small has been traumatized by this experience and she feels betrayed by Defendant. She was needlessly fired from a job where she could have continued working remotely

from home as she had been doing for nearly two years. Plaintiff Small has suffered great emotional and mental distress, including stress, inconsolable crying, anxiety, and depression. This also affected her private life, including managing the negative reactions of family and friends on learning why she was fired. Plaintiff has been unable to find employment with commensurate wages and benefits.

10.

Plaintiff Small has suffered economic damages of at least $100,000.00 in lost wages, and non-economic damages of at least $300,000.00, or an amount to be determined at trial. Plaintiff Small received a right to sue letter from the EEOC on July 12, 2023.

11.

**KATHRYN YONGE**

Plaintiff Kathryn Yonge worked for Defendant for approximately three years as a per diem Registered Nurse at Doernbecher Children's Hospital. She always received positive reviews and loved her job. Plaintiff Yonge has been working as a registered nurse since 2001, with direct patient care, and throughout her career was often in direct contact with infectious viruses. She always wore the proper PPE throughout the pandemic, wearing a mask for twelve hours a day.

12.

When the COVID-19 mandate was imposed, Plaintiff Yonge applied for a religious exception to the COVID-19 vaccine due to her deeply held Christian religious beliefs. Plaintiff Yonge could not obtain any of the COVID-19 vaccines as it created a religious and moral conflict with her beliefs. Her religious exception was denied and on October 19, 2021, she was placed on unpaid leave, and subsequently terminated.

13.

Prior to her termination, Plaintiff Yonge was subjected to a hostile workplace. The months leading up to the vaccine mandate were extremely difficult and stressful as she faced the loss of her career. Defendant had implemented a sticker system for the badges of those employees who

were vaccinated, making it clear who was unvaccinated. Plaintiff Yonge was shocked by the unkind comments she heard from coworkers about the unvaccinated. The daily stress and reminders that she would lose her job made her anxiety level skyrocket. Plaintiff felt that she had gone from "hero" at the beginning of the pandemic, to being shunned, exiled, and humiliated for her religious beliefs.

14.

Plaintiff Yonge eventually found new employment in a job where she feels valued and respected, and which accepted her religious exception and allows her to work. However, she is not working in pediatrics as she had been for eighteen years. This hospital was following the same guidelines from the government as Defendant but took a different course of action towards its unvaccinated employees. Plaintiff Yonge did apply for unemployment benefits, and has fought many appeals, but has not yet received the money owed.

15.

Plaintiff Yonge has suffered tremendous emotional distress, anxiety, and insomnia because of the Defendant's unlawful actions. Plaintiff Yonge suffered economic damages of at least $50,000.00 in current and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $75,000.00 or an amount to be determined at trial. Plaintiff Yonge received a right to sue letter from the EEOC on July 13, 2023.

16.

**NATAUSHA HANSON**

Plaintiff Natausha Hanson was employed for over four years as a Staff Registered Nurse. She always received excellent annual reviews and loved her job. Prior to her placement on unpaid leave, Plaintiff Hanson earned approximately $65,000 annually, with a generous benefit package.

17.

Plaintiff Hanson has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on September 6, 2021, which was denied. Instead of being

provided reasonable accommodations, Plaintiff Hanson was placed on unpaid leave on October 19, 2021, and then terminated on December 2, 2021.

18.

Prior to her unpaid leave, Plaintiff Hanson was subjected to a hostile work environment. Many of Plaintiff Hanson's co-workers, patients and their families made their negative opinions known about those people who were unvaccinated. Defendant OHSU had implemented a sticker system for those who were vaccinated, making it clear to everyone who was unvaccinated. This situation made Plaintiff feel very uncomfortable in her workplace.

19.

Plaintiff Hanson lost medical coverage for herself and her family. She was also approximately ten months away from being vested in Oregon PERS (pension plan). Plaintiff Hanson applied for unemployment and was approved, then found work as a travel nurse in Washington state.  To make this work for herself and her family, Plaintiff Hanson was compelled to purchase a truck and travel trailer. After nearly a year, Plaintiff Hanson was able to find employment closer to home, where her religious exception was accepted along with weekly testing and wearing a N95 mask, however with less pay than at OHSU.  Plaintiff Hanson's unlawful termination by Defendant has caused great emotional distress, worry and anxiety. Plaintiff Hanson suffered economic damages of at least $50,000.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $100,000 or in an amount to be determined at trial. Plaintiff Hanson received a right to sue letter from the EEOC on July 12, 2023.

20.

**KELLY HAY**

Plaintiff Kelly Hay was employed for approximately ten years as a Patient Access Specialist (PAS). Plaintiff Hay always received excellent reviews and was commended for being a great team player and helping patients.  Plaintiff Hay worked night shifts for two years during the pandemic, complying with all protocols, and did not get sick.

21.

Due to her Christian religious beliefs, Plaintiff Hay was unable to get any of the available COVID-19 vaccines. She believes that God is her creator and that her body is a temple. Taking the vaccine would go against her moral integrity, believing that God created her body to have a substantial immune system, with proper care. Plaintiff Hay submitted two applications for a religious exemption to the vaccine but did not receive any notification as to whether it was granted or denied. On October 13, 2021, Plaintiff Hay's manager sent out an email to fill her position. This was before Plaintiff Hay had received any response to her religious exception request. Plaintiff Hay couldn't say goodbye to her coworkers as she was afraid of breaking down in front of them. She was terminated on or about October 19, 2021. When she left her work that day, she sat in her car and sobbed until she was able to drive. Plaintiff Hay felt that she was treated as if she had resigned from her job when it was not her choice.

22.

Prior to her unpaid leave, Plaintiff Hay was subjected to a hostile work environment. There were coworkers and medical staff who made disrespectful and hateful comments about people who were not vaccinated. This made it difficult and upsetting for Plaintiff Hay to listen to their comments and she was asked multiple times to explain her religious views.

23.

The loss of Plaintiff Hay's job caused great emotional distress and financial hardship, including an increase in her anxiety and depression. She loved her job and had planned to retire from OHSU. Plaintiff Hay lost her income, health insurance, retirement contributions and other benefits. Plaintiff Hay suffered economic damages and non-economic damages in an amount to be determined at trial. Plaintiff Hay received a right to sue letter from the EEOC on July 10, 2023.

24.
**KATHERINE BERGEN-CHAPMAN**

Plaintiff Katherine Bergen-Chapman was employed by OHSU for approximately twenty years without incident and with exclusively positive reviews as a Pharmacy Technician. She worked at OHSU's Gabriel Park Pharmacy. At the time of her termination, Plaintiff Bergen-Chapman was making approximately $60,000.00 yearly, with a generous benefits package.

25.

Plaintiff Bergen-Chapman has strong Christian religious beliefs that prevented her from receiving the COVID-19 vaccine. Plaintiff Bergen-Chapman believes that God is her Lord and Savior, and she attends bible study and church weekly. Plaintiff Bergen-Chapman believes that abortion is murder, and she will not knowingly put anything in her body that has been tested on or manufactured using fetal cells from abortions. When the vaccine mandate was implemented, she applied for a religious exception, which was denied. Plaintiff Bergen-Chapman was shocked and distressed that her religious beliefs were not accepted. Plaintiff Bergen-Chapman was placed on unpaid leave on October 18, 2021, although her job was posted as vacant on September 30, 2021. She was terminated on December 2, 2021.

26.

Plaintiff Bergen-Chapman has worked as a pharmacy technician for approximately thirty years; it has been her entire career. She loves to help patients and she could never see herself doing anything else. Plaintiff Bergen-Chapman provided the health insurance for her family. Due to this unlawful termination, Plaintiff Bergen-Chapman has lost her income, benefits and career. She became a financial burden on her family. Plaintiff Bergen-Chapman has suffered great emotional and mental distress, including stress, anxiety and worry. Plaintiff Bergen-Chapman

suffered economic damages in an amount to be determined at trial. Plaintiff Bergen-Chapman received a right to sue letter from the EEOC on August 9, 2023.

27.

**PEGGY SCHULTZ**

Plaintiff Peggy Schultz was employed as a Front-end Processing/Registration clerk for approximately four months. Plaintiff Schultz worked entirely remotely. At the time of her placement on unpaid leave, Plaintiff Schultz earned approximately $23.00 hourly, with a generous benefits package.

28.

Although Plaintiff Schultz did not formally apply for a religious exception, she holds deeply held religious beliefs that God is her protector and informed Defendant of her beliefs on or about September 15, 2021. In response, she was placed on unpaid leave on October 19, 2021, and then terminated.

29.

Plaintiff Schultz was caused great emotional distress, anxiety and depression. She was already overwhelmed with the recent death of her mother, and recent hip replacement surgery. Plaintiff Schultz suffered past and future economic damages, and non-economic damages in an amount to be determined at trial. Plaintiff Schultz received a right to sue letter from the EEOC on August 9, 2023.

30.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs' sincerely held religious beliefs had caused conflict with their work requirements.

31.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

32.

Upon information and belief, the Defendant's adverse employment actions against Plaintiffs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs could and should have been given reasonable accommodations to continue working for Defendant.

33.

Each of the Plaintiffs have suffered significant economic loss and emotional distress.

34.

### FIRST CLAIM FOR RELIEF – All Plaintiffs

### (Unlawful Employment Discrimination Based on Religion

### in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

35.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

36.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

37.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

38.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

39.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

40.

**SECOND CLAIM FOR RELIEF- All Plaintiffs**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

41.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

42.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

43.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

44.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

45.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $400,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $400,000.00.
2. Plaintiffs seek a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 5th day of September, 2023.

> JANZEN LEGAL SERVICES, LLC
>
> By /s/ Caroline Janzen
> Caroline Janzen, OSB No. 176233
> caroline@ruggedlaw.com
> Attorney for the Plaintiff